1

2

3    FILED

4

5    NOV 12 2014

6    RICHARD W. WIEKING
     CLERK, U.S. DISTRICT COURT
     NORTHERN DISTRICT OF CALIFORNIA
     SAN JOSE

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
     EUSTOLIO GONZALEZ GONZALEZ,          )    No. C 12-2681 LHK (PR)
12                                         )
                   Petitioner,             )    ORDER DENYING PETITION FOR
13                                         )    WRIT OF HABEAS CORPUS;
         v.                                )    DENYING CERTIFICATE OF
14                                         )    APPEALABILITY
     DONALD O'KEEFE,                       )
15                                         )
                   Respondent.             )
16   _____)

17        Petitioner Eustolio Gonzalez Gonzalez, a legal permanent resident of the United States

18   who is awaiting extradition to Mexico, filed a petition for writ of habeas corpus pursuant to 28

19   U.S.C. § 2241. He claims that the extradition proceedings violated his right under the Speedy

20   Trial Act. Respondent has filed an answer. Petitioner has filed a traverse. Having reviewed the

21   briefs and the underlying record, the court concludes that petitioner is not entitled to relief, and

22   DENIES the petition.

23                            **PROCEDURAL HISTORY**

24        Petitioner first came to the United States in 1962. (Matthews Decl. ¶ 2.) He left in 1965

25   to return to Mexico, where he remained for almost forty years. (*Id.*) In 2004, petitioner returned

26   to the United States, and became a legal permanent resident. (*Id.*) Unbeknownst to petitioner,

27   on April 7, 2006, the government of Mexico issued a warrant for petitioner's arrest for the

28   charge of attempted homicide. *In re Extradition of Gonzalez*, No. 09-70576 SBA MISC (N.D.

1  Cal.), Docket No. 22. Petitioner visited Mexico in 2007 and 2009 and was never informed that
2  he had an outstanding warrant for his arrest. (Matthew Decl. ¶ 4.)

3      On March 5, 2009, the Mexican Government formally requested the United States to
4  extradite petitioner to Mexico to answer to the charge of attempted homicide. *In re Extradition*
5  *of Gonzalez*, No. 09-70576 SBA MISC (N.D. Cal.), Docket No. 22, Ex. 4. As a result, on June
6  26, 2009, the United States filed a complaint for provisional arrest of petitioner to process his
7  extradition to Mexico. *Id.*, Docket No. 1. The case was assigned to U.S. District Judge Saundra
8  Brown Armstrong.

9      It is unclear exactly when petitioner learned about the warrant for his arrest, but
10 petitioner was arrested on September 3, 2009. *Id.*, Docket No. 16. On September 4, 2009,
11 petitioner made his initial appearance in *In re Extradition of Gonzalez*. *Id.*, Docket No. 3. On
12 September 15, 2009, petitioner was released on bond. *Id.*, Docket No. 12.

13     On November 3, 2009, petitioner filed a motion to dismiss the complaint seeking
14 extradition based on violation of Speedy Trial Clause. *Id.*, Docket No. 19. On October 31,
15 2011, Judge Armstrong denied petitioner's motion. *Id.*, Docket No. 38. That same day, Judge
16 Armstrong referred the case to Magistrate Judge Donna Ryu for all further proceedings. *Id.*,
17 Docket No. 39. On April 10, 2012, Magistrate Judge Ryu certified that there was sufficient
18 evidence to sustain the underlying charge and ordered extradition. *Id.*, Docket No. 53.

19     Petitioner filed the instant petition for writ of habeas corpus on May 24, 2012. The case
20 was assigned to the undersigned judge.

21                          **STANDARD OF REVIEW**

22     An extradition may be challenged by way of a petition for writ of habeas corpus in
23 federal court. *See Roberts v. Reilly*, 116 U.S. 80 (1885); *Prasoprat v. Benov*, 421 F.3d 1009,
24 1013 (9th Cir. 2005) (international extradition). In an international extradition, the district
25 court's habeas review of an extradition order is limited to: (1) whether the extradition court had
26 jurisdiction to conduct the proceedings as well as personal jurisdiction over the individual
27 sought; (2) whether the extradition treaty was in force and whether the crime is an extraditable
28 offense under the relevant treaty's terms; (3) whether there was probable cause that the

1 | individual committed the crime; and (4) whether the crime fell within the political offense
2 | exception. *Id.*

3 | ## DISCUSSION

4 | Petitioner claims that the "lapse of time" between the underlying charge in 2006, and the
5 | filing of the complaint seeking extradition, in 2009, violated his right to a speedy trial as
6 | guaranteed by the Sixth Amendment. Specifically, petitioner argues that in the treaty between
7 | the United States and Mexico, Article 7 states, "Extradition shall not be granted when the
8 | prosecution or the enforcement of the penalty for the offense for which extradition has been
9 | sought has become barred by lapse of time according to the laws of the requesting or requested
10 | party." (Matthews Decl., Ex. D at 21-22.) Thus, alleges petitioner, because the United States
11 | would bar the prosecution of petitioner on the ground that the three-year delay violates
12 | petitioner's right to a speedy trial, extradition should not be granted.

13 | Respondent argues that courts have consistently interpreted the "lapse of time" phrase to
14 | refer only to the applicable statute of limitations, and that the applicable statute of limitations has
15 | not yet been met. Further, respondent contends that the Sixth Amendment does not apply to
16 | extradition proceedings. Finally, respondent argues that petitioner has not demonstrated
17 | prejudice from any delay.

18 | As an initial matter, Judge Armstrong's order denying petitioner's motion to dismiss the
19 | complaint in *In re Extradition of Gonzalez*, No. 09-70576 SBA MISC (N.D. Cal.), explicitly
20 | considered and rejected this claim. Although application of the law of the case doctrine is
21 | discretionary, the doctrine generally precludes a court from reconsidering an issue decided
22 | previously by the same court or by a higher court in that case. *Hall v. City of Los Angeles*, 697
23 | F.3d 1059, 1060, 1067 (9th Cir. 2012); *Gonzalez v. Arizona*, 677 F.3d 383, 390 n.4 (2012) (en
24 | banc) ("Under the law of the case doctrine, a court will generally refuse to reconsider an issue
25 | that has already been decided by the same court or a higher court in the same case."). However,
26 | there are three exceptions to this doctrine: where "(1) the [prior] decision is clearly erroneous
27 | and its enforcement would work a manifest injustice, (2) intervening controlling authority makes
28 | reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent

1   trial." *Id.* (quoting *Jeffries v. Wood*, 114 F.3d 1484, 1488-89 (9th Cir. 1997) (en banc)). Here,

2   petitioner does not argue that any of these exceptions apply. Accordingly, the court exercises its

3   discretion to apply the law of the case doctrine, declines to reconsider the issue which was

4   previously rejected in *In re Extradition of Gonzalez*, No. 09-70576 SBA MISC (N.D. Cal.), and

5   denies petitioner's petition for writ of habeas corpus.

6          Alternatively, even assuming without deciding that such a claim is cognizable in this

7   habeas corpus proceeding, for the reasons stated below, the court denies the petition

8   independently of Judge Armstrong's ruling in *In re Extradition of Gonzalez*, No. 09-70576 SBA

9   MISC (N.D. Cal.).

10         Petitioner is correct that the Ninth Circuit has not addressed whether the "lapse of time"

11   provision in the treaty between the United States and Mexico incorporates the Sixth Amendment.

12   In fact, the court has not discovered any Court of Appeals decision to address this specific claim

13   except for the Eleventh Circuit in *Yapp v. Reno*, 26 F.3d 1562, 1567 (11th Cir. 1994). In *Yapp*,

14   the court expressly determined that the "lapse of time" provision in a treaty between the United

15   States and the Bahamas referred only to a statute of limitations question and did not incorpoarte

16   the Sixth Amendment right to speedy trial. *Id.* at 1566-68. Despite the lack of case law from

17   any other Courts of Appeals concerning the parameters of the "lapse of time" provision, this

18   court agrees with the district courts which have understood the "lapse of time" provision to refer

19   only to the running of the statute of limitations rather than a speedy trial right. *See., e.g., In re*

20   *Flores Ortiz*, No. 10-MJ-2016 JMA, 2011 WL 3441618, *6 (S.D. Cal. Feb. 9, 2011) (finding that

21   petitioner's argument that the "lapse of time" provision in the [United States - Mexico] Treaty

22   incorporates the Sixth Amendment right to a speedy trial is without merit"); *United States v.*

23   *Garfias*, No. CR-09-xr-90128 EMC, 2009 WL 2580641, *3 (N.D. Cal. Aug. 20, 2009) (relying

24   on the holding in *Yapp* to conclude that the "lapse of time" provision in the United States -

25   Mexico Treaty refers to the statute of limitations and does not incorporate a Sixth Amendment

26   right to speedy trial); *In re Extradition of Martinez*, No. 13-mj-2042, 2014 WL 199867, *4

27   (M.D. Tenn. Jan. 17, 2014) (rejecting the notion that the "lapse of time" provision in the United

28   States - Mexico Treaty incorporates the Sixth Amendment's right to a speedy trial); *cf. Sainez v.*

1  *Venables*, 588 F.3d 713, 716 (9th Cir. 2009) (discussing the "lapse of time" provision of Article

2  7 of the United States - Mexico Treaty and analyzing it as a statute of limitations claim).

3        In contrast, petitioner cannot support his position. Petitioner argues that the law is

4  unsettled regarding whether a "lapse of time" incorporates a constitutional right to a speedy trial

5  and cites to *In the Matter of the Extradition of Mylonas*, 187 F. Supp. 716, 721 (N.D. Ala. 1960),

6  in support of his argument. However, that case has been expressly disapproved for its holding

7  that a defendant has a Sixth Amendment right to a "speedy extradition." *Martin v. Warden,*

8  *Atlanta Pen*, 993 F.2d 824, 829 n.8 (11th Cir. 1993). Thus, this court concludes that the speedy

9  trial right is not implicated by the "lapse of time" provision.

10       In addition, "[t]he Sixth Amendment provides that '[i]n all criminal prosecutions, the

11  accused shall enjoy the right to a speedy and public trial . . . .'" *United States v. Marion*, 404

12  U.S. 307, 313 (1971). Petitioner is indeed facing a criminal prosecution once he arrives in

13  Mexico. However, the challenged extradition proceeding is not a criminal prosecution in which

14  petitioner is afforded constitutional procedural protections such as the right to a speedy trial. *See*

15  *Martin*, 993 F.2d at 829 ("Constitutional procedural protections which by their terms are

16  applicable only in criminal cases, however, are unavailable in extradition proceedings.

17  Accordingly, there is no Sixth Amendment right to a speedy trial in extradition cases.").

18       Although the Ninth Circuit has not specifically addressed this claim, other courts agree

19  that there is no constitutional right to a "speedy extradition" because an extradition proceeding is

20  not equivalent to a criminal proceeding. *See, e.g., Yapp*, 26 F.3d at 1565 ("We have accordingly

21  refused, as a matter of constitutional law, to recognize any right to a speedy trial in international

22  extradition proceedings under either the Sixth Amendment or the Due Process Clause of the

23  Fifth Amendment."); *Martin*, 993 F.2d at 829 (concluding that there is a Sixth Amendment right

24  to a speedy trial in criminal cases, but not in extradition cases); *McDonald v. Burrows*, 731 F.2d

25  294, 297 (5th Cir. 1984) (declining to apply the Sixth Amendment speedy trial right to a

26  domestic extradition proceeding because extradition is not a criminal proceeding); *Sabatier v.*

27  *Dabrowski*, 586 F.2d 866, 869 (1st Cir. 1978) (concluding that extradition proceedings are not

28  characterized as criminal prosecutions and therefore, a speedy trial right does not attach to such

1    proceedings); *Jhirad v. Ferrandina*, 536 F.2d 478, 485 n.9 (2d Cir. 1976) ("We note, moreover,

2    that the Sixth Amendment's guarantee to a speedy trial, limited by its terms to criminal

3    prosecutions, is inapplicable to international extradition proceedings."). "Even if a treaty states

4    that the person whose extradition is sought shall have the right to use all remedies and recourses

5    provided by [the law of the Requested State], as does the treaty between the United States and

6    Canada, the defendant does not have a right to a speedy extradition." *Martin*, 993 F.2d at 829

7    (quoting *In re Extradition of Kraiselburd*, 786 F.2d 1395, 1398 (9th Cir. 1986)); *see also Kamrin*

8    *v. United States*, 725 F.2d 1225, 1228 (9th Cir. 1984) ("it has long been settled that United States

9    due process rights [i.e., the right to speedy trial] cannot be extended extraterritorially").

10          Petitioner distinguishes both *Kamrin* and *Kraiselburd* because neither case evaluated

11   whether a right to speedy trial was incorporated within a "lapse of time" provision in their

12   treaties as opposed to a "remedies and recourses" provision. While *Kamrin* and *Kraiselburd* did

13   not definitively address the issue of whether a speedy trial right is incorporated in a "lapse of

14   time" provision, the court finds the reasoning in both *Kamrin* and *Kraiselburd* persuasive to

15   support its conclusion that the lapse of time provision in the United States - Mexico treaty does

16   not incorporate a Sixth Amendment right to a speedy trial.

17          In *Kamrin*, the treaty specifically permitted using only the laws of the requesting state –

18   Australia – when considering whether the prosecution would have been barred by the lapse of

19   time. *Kamrin*, 725 F.2d at 1227. The Ninth Circuit, in rejecting the notion that the petitioner to

20   be extradited was entitled to other constitutional protections found in United States proceedings

21   but not specifically agreed upon in the treaty stated, "it has long been settled that United States

22   due process rights cannot be extended extraterritorially." *Id.* at 1228. In *Kraiselburd*, a treaty

23   between Argentina and the United States forbade extradition if the prosecution was barred "by

24   lapse of time" according to either the requesting or requested state. *Kraiselburd*, 786 F.2d at

25   1397. However, in that case, the Ninth Circuit only analyzed the "lapse of time" issue as a

26   statute of limitations claim. Moreover, the petitioner conceded that Argentina had no obligation

27   to act speedily in seeking extradition of a fugitive from the United States. *Id.* at 1398. Instead,

28   the petitioner in *Kraiselburd* argued that the "remedies and recourses" provision allowed

1   fugitives the right to use the laws of the requested state, i.e., the United States, and thus, the

2   provision granted petitioner the right to a speedy trial for his extradition proceeding. *Id.* The

3   Ninth Circuit, relying upon *Kamrin*, rejected petitioner's argument and concluded that the

4   extradition was not barred by the statute of limitations, nor did the "remedies and recourses"

5   provision entitle petitioner to any additional protection under the United States Constitution. *Id.*

6          Accordingly, petitioner's petition for a writ of habeas corpus is DENIED.

7                                          **CONCLUSION**

8          For the reasons stated above, the petition for writ of habeas corpus is DENIED.

9   Moreover, petitioner has not shown "that jurists of reason would find it debatable whether the

10  petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S.

11  473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

12         The Clerk is instructed to enter judgment in favor of respondent and close the file.

13         IT IS SO ORDERED.

14  DATED:  11/12/14

                                            LUCY H. KOH
15                                          United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28